# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

MARGREATHA HEIN and VOLGA )
GERMAN RESEARCH, LLC, )
                                                                         )   Case No. 6:24-CV-01126
        Plaintiffs, )

v. )

BRENT MAI, )

        Defendant. )

## COMPLAINT

NOW COME the Plaintiffs, MARGREATHA HEIN ("Hein") and VOLGA GERMAN RESEARCH, LLC ("VGR LLC"), by and through their attorneys, Offices of Catherine Simmons-Gill, LLC, and Graybill & Hazlewood, LLC and for their claims against defendant, BRENT MAI ("MAI" or "Defendant"), state as follows:

## THE PARTIES

1. Plaintiff Margreatha Hein is an individual and resident of the state of Illinois with a place of residence at 272 Sylvan Road, Glencoe, IL 60022.

2. Plaintiff Volga German Research LLC is an Illinois limited liability company with a business address at 272 Sylvan Road, Glencoe, IL 60022.

3. Hein is the sole member of VGR LLC.

4. Defendant Brent Mai is an individual, employed in Kansas, with a business address at Wichita State University Ablah Library, 1845 Fairmont Street, Wichita, KS 67260, and is, on information and belief, a resident of the state of Kansas.

1

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this controversy pursuant 28 U.S.C. §1400 since it is a civil action involving federal questions related to claims of copyright infringement. Additionally, this Court has original jurisdiction over this controversy pursuant to 28 U.S.C. §§ 1331 and 1338, predicated on Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a). This Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. §1367.

6. Venue is proper under 28 U.S.C. § 1391(a) and (b) because Defendant Brent Mai is on information and belief both residing and employed in Kansas.

## FACTS RELEVANT TO ALL CLAIMS

7. Hein is an individual with a significant reputation in the field of research on the genealogy and history of individuals and families originally from Germany, who settled near the Volga River in Russia at the invitation of the Russian government in the 1760s ("Volga Germans").

8. Hein publishes her research on various media vehicles owned by VGR LLC, including a website at www.volgagermans.org (VGR Website), a Facebook page found at https://www.facebook.com/volgagermans/ ("VGR Facebook Page") (formerly Center for Volga German Studies Facebook page), and a blog operating on the VGR Website.

9. The VGR Website has been owned by the plaintiffs since it was assigned to them by Concordia University of Portland Oregon in 2020.

10. Hein has published on either the VGR Website or VGR Facebook Page or both, photographs and written material original to her ("Hein Original Materials").

11. Hein licenses the Hein Original Materials to VGR LLC.

2

12. Hein has registered some of the Hein Original Materials for copyright protection with the United States Copyright Office.

13. The compilation of the Hein Original Materials involves substantial expense and effort to obtain, including identification and review of thousands of records, culling and organizing appropriate records, translating records, and travel, among other activities.

14. Mai is currently a tenured professor and dean of library sciences at Wichita State University (WSU) (2023-present).

15. Mai has previously held positions as a Dean of Library and professor of library science at Concordia University in Portland Oregon ("Concordia") (2003-2016), Fairfield University (2016-2019), University of North Florida ("UNF") (2019 – 2023), and other institutions of higher education.

16. Mai has been involved with websites about Volga Germans at Concordia University from 2008-2016 at https://cvgs.cu-portland.edu/ (website no longer active), at Fairfield University from 2017 – 2019 to at https://vgi.fairfield.edu/ (website no longer active) ("VGI Fairfield Mai Website"), at UNF from 2019-2023 at https://volga.domains.unf.edu (website no longer active) ("VGI UNF Mai Website"), and at WSU from December 2023 to the present at https://volgagermaninstitute.org/.

17. The website at https://volgagermaninstitute.org/ first appeared under the logo, name, and address of WSU with a website for Mai at WSU ("VGI WSU Mai Website"); at some point all reference to WSU was removed.

18. All of the websites listed in ¶16 above were published under the apparent auspices of each of those educational institutions while Mai was employed at each of them.

19. Mai currently publishes a website competitive with that of the VGR Website and VGR Facebook Page at www.volgagermaninstitute.org ("Mai Current Website.")

20. In late 2019, Hein and a colleague, Steven Schreiber, discovered that Mai was regularly publishing on VGI UNF Mai Website, proprietary research belonging to Hein and others, often verbatim, sometimes paraphrased, and always without proper attribution as to source.

21. In January 2020, both Hein and her colleague, Steven Schreiber, wrote separately to Mai complaining that he was copying their research, committing copyright infringement, and failing to properly cite the source of his research, committing plagiarism.

22. In his January 2020 communication, Mr. Schreiber complained of Mai's copying research published at https://www.norkarussia.info and https://volgagermansportland.info.

23. Mai essentially ignored both Hein's and Mr. Schreiber's legal and ethical objections to Mai's copyright infringement and publication of the research efforts of others without attribution.

24. In December 2023, Plaintiffs wrote to appropriate authorities at UNF and WSU, complaining of copyright infringement and plagiarism on the VGI UNF Mai Website and the VGI WSU Mai Website respectively.

25. The VGI UNF Mai Website ceased appearing on the Internet shortly after these letters were sent.

26. The VGI WSU Mai Website was changed to remove all reference to WSU shortly after the letters went out.

27. Plaintiffs received a letter from counsel for Mai dated March 15, 2024, essentially denying that Mai was committing copyright infringement and threatening litigation against Hein for defamation and copyright fraud.

28. Plaintiffs promptly responded on March 29, 2024, with detailed legal research, denying the claims of Mai's counsel, setting forth claims for copyright infringement and false endorsement, and offering to mediate.

29. Mai continues to copy verbatim, paraphrase, and/or plagiarize Plaintiffs' latest published research without proper attribution and with continuing false claims of endorsement by Hein.

## FIRST CLAIM FOR RELIEF

### (Federal Copyright Infringement of Photographs)

30. Plaintiffs incorporate by reference all of the allegations of Paragraphs 1 – 29, inclusive of the complaint as though fully set forth herein.

31. On or about November 24, 2023, Hein discovered for the first time that Mai was reproducing at least nineteen (19) of her original photographs on his website without permission, at that time appearing on the VGI UNF Mai Website.

32. In December 2023, Hein applied for and obtained copyright registrations for eight of the photos originally published by Plaintiffs.

33. Mai continued to publish Hein's photos without permission on both the VGI UNF Mai Website and then subsequently on the VGI WSU Mai Website.

34. The registration certificate for the eight photos is numbered VA 2-378-771, effective date 12/3/2023, registration decision date 1/16/2024.

35. A copy of the certificate of registration described in Paragraph 35 above is attached hereto as Exhibit A.

36. Plaintiff Hein has complied in all respects with 17 U.S.C. §§101 et seq. and secured the exclusive rights and privileges in and to the copyrights in the above-listed works. Plaintiff Hein has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in the respective works as referenced.

37. Eight (8) photographs that are the subject of Copyright Registration VA 2-378-772 taken by Hein were published by Mai on the VGI UNF Mai Website as follows:

   a. Udenhain Church (screenprint from VGI UNF Mai Website 11/24/23) – attached hereto as Exhibit B-1

   b. Niedergruendau Church (screenprint from VGI UNF Mai Website 11/24/23, which is misidentified by Mai as Rothenbergen Church) – attached hereto as Exhibit B-2

   c. Niedergruendau View (screenprint from VGI UNF Mai Website 11/24/23) – attached hereto as Exhibit B-3

   d. Waechtersbach Houses (screenprint from VGI UNF Mai Website 11/24/23) – attached hereto as Exhibit B-4

   e. Unterreichenbach Church exterior (screenprint from VGI UNF Mai Website 11/24/23, which is misidentified by Mai as Oberreichenbach in Baden-Wuerttemberg) - attached hereto as Exhibit B-5

   f. Hofheim Church Interior (screenprint from VGI UNF Mai Website 11/24/23) - attached hereto as Exhibit B-6

g. Hain Grundau Church exterior (screenprint from VGI UNF Mai Website 11/24/23) - attached hereto as Exhibit B–7

h. Unterreichenbach Church interior (screenprint from VGI UNF Mai Website 11/24/23, which is twice misidentified by Mai) - attached hereto as Exhibit B-8

38. As evidence of both the extent of Mai's copying and his intent to copy, Mai also published without permission on the VGI UNF Mai Website eleven (11) other photos originally published by Plaintiffs and original to Hein.

39. On information and belief, Mai published the infringing photographs on the VGI UNF Mai Website for a long period of time, at least 3-4 years, with full knowledge that the photographs belonged to Hein and in fact were taken by her personally.

40. On information and belief, Mai published at least seven (7) of the infringing photos on the VGI Fairfield Mai Website.

41. After Mai moved to Wichita State University, he published a website at www.volgagermansinstitute.org, apparently under the auspices of WSU with WSU branding (VGI WSU Mai Website).

42. On information and belief, the VGI WSU Mai Website operated by Mai also published Hein's copyrighted photographs listed above without permission.

43. Both the VGI UNF Mai Website and the apparently short lived VGI WSU Mai Website were deactivated after Hein wrote to those institutions complaining of copyright infringement and plagiarism by Mai appearing on those websites, both of which appeared to be sponsored by the educational institutions.

44. On information and belief, sometime in late 2023 or early 2024, Mai removed all WSU branding and the infringing photos from the Mai Current Website.

45. For some period of time, at least three years and possibly longer, prior to removing Hein's copyrighted photographs, Defendant's conduct was in willful violation of the copyright law in publishing her photographs. The specifics acts of publishing her copyrighted photographs are representative of a broader pattern of infringement by Mai in which Mai engaged regularly in unauthorized publication of Hein's photographs and other copyrighted material.

46. On information and belief, Mai as a tenured professor and Dean of Library Sciences is well versed in the ethics and legalities of copying the proprietary work of others published on the Internet.

47. Mai's conduct violates the exclusive right belonging to Plaintiff as the owner of the copyrights in photographs under 17 U.S.C. §106.

48. On information and belief, Plaintiff alleges that, as a direct and proximate result of his wrongful conduct, Mai has continued to realize profits and other benefits including speaking engagements, paid translations, lucrative employment, and profits from his enterprise Volga German Tours. Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §504 and 505.

49. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

50. Defendant has willfully engaged in, and is willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of

Plaintiff. Plaintiff is therefore entitled to and seeks the maximum statutory damages allowable and attorneys' fees under the Copyright Act.

## SECOND CLAIM FOR RELIEF

### (Federal Copyright Infringement of Literary Works)

51. Plaintiffs incorporate by reference all of the allegations of Paragraphs 1 – 50 inclusive of the complaint as though fully set forth herein.

52. Hein owns the following material (text passages based on original research and translation) which have been published on the VGR Website and/or the VGR Facebook Page and which are the subject of copyright registrations as follows:

   a. Registration Number / Date: TXu002192325 / 2020-01-19

   b. Registration Number / Date: TXu002200735 / 2020-04-11

   c. Registration Number / Date: TXu002204934 / 2020-05-10

   d. Registration Number / Date: TXu002214876 / 2020-08-11

   e. Registration Number / Date: TXu002228751 / 2020-11-05

   f. Registration Number / Date: TXu002240833 / 2020-12-27

   g. Registration Number / Date: TX0009345952 / 2023-12-11

   h. Registration Number / Date: TX0009345642 / 2023-11-26

   i. Registration Number / Date: TX0009346088 / 2023-12-08

   j. Registration Number / Date: TX0009365102 / 2024-02-02

[See Exhibit C attached hereto with ten copyright certificates.]

53. Plaintiff Hein has complied in all respects with 17 U.S.C. §§101 et seq. and secured the exclusive rights and privileges in and to the copyrights in the above-listed works.

Plaintiff Hein has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in the respective works as referenced.

54. From at least early as January 27, 2020, Hein posted a notice of copyright on her website conspicuously.

55. In late 2019, Hein discovered that Mai was regularly without permission copying text and research that is the subject of copyright registrations owned by her.

56. As set forth above at ¶¶ 20-23, both Hein and her colleague wrote to Mai in January of 2020 complaining of his copyright infringement and plagiarism, but Mai essentially ignored both letters.

57. Mai continued on a regular basis to infringe Hein's registered copyrighted textual materials listed above and other original materials newly published by Plaintiffs.

58. As set forth at ¶ 24, Hein wrote to the educational institutions at which Mai was working as Dean of their Libraries, UNF and WSU, in December 2023 and January 2024 demanding elimination and rectification of the copyright infringements and plagiarism appearing on the websites apparently sponsored by or affiliated with those institutions.

59. Sometime after Hein wrote UNF, UNF shut down the VGI UNF Mai Website which appeared to be sponsored by UNF.

60. Sometime after Hein wrote WSU, all reference to WSU was removed from the VGI WSU Mai Website.

61. Mai previously published and continues to publish on the Mai Current Website the following materials infringing the copyrighted materials covered by Registration Number TXu002204934 issued 2020-05-10:

  a. 307 Schäfer (Huck) _ Volga German Institute.pdf (See Exhibit D-1 attached hereto showing publication of infringement on the VGI UNF Mai Website on 11/25/23)

  b. 184 Merkel (Göbel) _ Volga German Institute.pdf (See Exhibit D-2 attached hereto showing publication of infringement on the VGI UNF Mai Website on 11/24/23)

  c. 318 Walter (Göbel) _ Volga German Institute.pdf (See Exhibit D-3 attached hereto showing publication of infringement on the VGI UNF Mai Website on 11/25/23)

  d. 332 Weigand(t) (Norka-1) _ Volga German Institute.pdf (See Exhibit D-4 attached hereto showing publication of infringement on the VGI UNF Mai Website on 11/25/23)

62. Mai previously published and continues to publish on the Mai Current Website the following materials infringing the copyrighted materials covered by Registration Number TXu002192325 issued 2020-01-19:   265 Adam (Norka) _ Volga German Institute.pdf (See Exhibit D-5 attached hereto showing publication of infringement on the VGI UNF Mai Website on 11/25/23)

63. Mai previously published and continues to publish on the Mai Current Website the following materials infringing the copyrighted materials covered by Registration Number TXu002200735 issued 2020-04-11:   182 Muller (Norka-2) _ Volga German Institute.pdf (See Exhibit D-6 attached hereto showing publication of infringement on the VGI UNF Mai Website on 11/24/23)

Case 6:24-cv-01126-JWB-RES   Document 1   Filed 07/23/24   Page 12 of 18

64. The infringing publications that were and are being published by Defendant listed in ¶¶ 61-63 above is a small sample of the materials infringing Hein's registered copyrighted material covered by the certificates listed in ¶ 52 above.

65. On information and belief, Defendant has engaged in the infringements described in ¶¶ 61-63 for several years.

66. Defendant's conduct has been in willful violation of the copyright law in publishing Hein's copyrighted materials.  Defendant's specific acts of publishing Hein's research materials verbatim or thinly paraphrased is representative of a broader pattern of infringement by Mai in which Mai engaged and engages regularly in unauthorized publication of Hein's research and other copyrighted material and that of others.

67. Defendant Mai's conduct violates the exclusive right belonging to Plaintiff as the owner of the copyrights in her written research results under 17 U.S.C. §106.

68. On information and belief, Plaintiff alleges that, as a direct and proximate result of his wrongful conduct, Mai has continued to realize profits and other benefits including speaking engagements, paid translations, lucrative employment, and profits from his enterprise Volga German Tours.  Accordingly, Plaintiff seeks an award of damages pursuant to 17 U.S.C. §§504 and 505.

69. Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

70. Defendant has willfully engaged in, and is willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of

12

Plaintiff.  Plaintiff is therefore entitled to and seeks the maximum statutory damages allowable and attorneys' fees under the Copyright Act.

## THIRD CLAIM FOR RELIEF

## (False endorsement under 15 U.S.C. 1125(a))

71. Plaintiffs incorporate by reference all of the allegations of Paragraphs 1 – 70, inclusive of the complaint as though fully set forth herein.

72. Hein is well known and well regarded in the field of Volga German research and genealogy.

73. Hein's name is recognized in this field, and she is solicited for information and research in the field and has guided numerous individuals in researching their Volga German ancestors.

74. Hein is co-administrator of the VGR Website.

75. The VGR Facebook page administered by Hein has 4,400 followers, a substantial number for an esoteric field of interest.

76. Hein is the American Historical Society of Germans from Russia (AHSGR) Co-Village Coordinator for the Village of Frank, for which she maintains and updates a database for the Frank and Kolb families, performs original research, and manages the Frank-Kolb Russia Database Facebook Page and the Frank-Kolb Russia Facebook Discussion Group.

77. Hein has served on the Center for Volga German Studies Advisory Council and on the Board of Trustees for The International Foundation of the AHSGR.

78. Hein has presented and offered workshops on the topic of Volga German research and genealogy at multiple events between 2012 and 2023.

79. Hein has been an invited speaker at many conferences on the subject of Volga Germans including the Annual Convention of the AHSGR to be held August 7-9, 2024.

80. Hein has written and researched extensively on the topic of Volga German history and genealogy, and has three published articles on the subject.

81. For the clear purpose of associating Hein's substantial reputation with his website, Mai listed her name over 300 times on the VGI UNF Mai Website for over four years and also on the VGI WSU Mai Website, all without her permission.

82. For the clear purpose of associating Hein's substantial reputation with his website, Mai lists her name without permission over 300 times on the Mai Current Website, which also covers the subject on which she is well-known, namely, Volga Germans.

83. On the Mai Current Website, Mai repeatedly states that Hein is a "contributor" or "researcher" and otherwise uses language to suggest that Hein sponsors, endorses, or is otherwise associated with him or his website, which she does not and is not.

84. At the same time, Mai never once cites the source of the material that he is copying from Hein's VGR Website, VGR Facebook page, or blog. falsely suggesting that she is somehow nothing other than someone involved with his website, which she is not.

85. Persons seeking information about Mai regularly contact Hein, clear evidence of confusion about her lack of connection to Mai and his website.

86. Mai's intent in his prolific citation of Hein's name without permission is for the sole purpose of appearing to persons interested in the subject that Hein is somehow connected with him or his website or that she endorses, sponsors, approves of, or contributes to his website, all of which she does not and is not.

87. Hein has on March 29, 2024, as set forth in ¶ 28 above, written to Mai's attorney demanding that Mai cease identifying Hein as a contributor of any kind to his website, but Mai has refused and continues to falsely claim that she is connected with his website.

88. The presentation of Hein on Mai's website as endorsing, sponsoring, contributing to, performing research for, or otherwise being connected to or with Mai and his website falsely enhances Mai and his website and his commercial ventures in which he profits, including translations for a fee and tours to Europe.

89. The presentation of Hein on Mai's website as endorsing, sponsoring, contributing to, performing research for, or otherwise being connected to or with Mai and his website damages Hein's reputation in the relevant field as Mai has often published information that is incorrect.

90. As a result of Defendant's conduct, the Plaintiff is entitled to monetary damages and attorneys' fees in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

91. Plaintiffs incorporate by reference all of the allegations of Paragraphs 1 – 90, inclusive of the complaint as though fully set forth herein.

92. Defendant's acts in prolifically using Hein's name in connection with his website and failing to cite her website, Facebook page, or blog constitutes common law unfair competition.

93. Defendant's acts in failing to cite the source of material original to Hein (and others) and published on his various websites constitute common law unfair competition.

94. Defendant's acts as described above deceive or tend to deceive the relevant market of consumers of information and research on Volga Germans as to the source of material published on his website.

95. Defendant's acts described above involve concealment, misrepresentation, and omission of relevant material information as to the source of photos and written text appearing on his website.

96. As a direct and proximate cause of Defendant's actions, Plaintiffs have suffered harm to their reputation and will continue to do so, resulting in monetary damage.

97. In addition, based on the willful nature of Defendant's actions particularly considering his substantial expertise in the field of library science, Plaintiffs are entitled to punitive damages.

WHEREFORE, the Plaintiffs respectfully request that the Court enter judgment against the Defendant as follows:

1. Declare that Defendant's unauthorized conduct violates Plaintiffs' rights under the Federal Copyright Act;

2. Declare that Defendant's conduct violates Section 43(a) of the Lanham Act;

3. Immediately and permanently enjoin Defendant from infringing the copyright in Plaintiffs' photographs and textual materials and order removal of any infringing materials from Defendant's website;

4. Immediately and permanently enjoin Defendant from using Plaintiff Hein's name which appears on his website as "Maggie Hein" naming her on Defendant's website as a contributor, researcher or with any other language

that implies a connection with, endorsement by, contribution to, or sponsorship of Defendant's website or any material on Defendant's website;

5. Require Defendant to correct his years of using Hein's name as a contributor by requiring him to properly cite to the source of any of Hein's research materials he publishes by listing a proper citation to her VGR Website, VGR Facebook page, or Blog as the source of the information;

6. Award Plaintiff actual, statutory, and punitive damages for his knowing, willful, and intentional acts in an amount to be determined at trial;

7. Award Plaintiffs their costs and reasonable attorneys' fees;

8. Award Plaintiffs pre- and post-judgement interest;

9. Award Plaintiffs such other and further relief as the Court may deem just and proper.

July 23, 2024

Respectfully Submitted,
Attorneys for Plaintiffs

/s/ Todd N. Tedesco
Todd N. Tedesco, #15652
Graybill & Hazlewood LLC
218 N. Mosley
Wichita, KS 67202-2806
316-266-4058
Email: todd@graybillhazlewood.com

Catherine Simmons-Gill (pro hac vice pending)
Offices Of Catherine Simmons-Gill, LLC
111 W. Washington Street, Suite 1110
Chicago, Illinois 60602
Tel: 312-609-6611
IL ARDC: 2159058
Email: simmonsgill@gmail.com

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Wichita, Kansas, as the location for the trial in this matter.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs hereby demand a trial by jury.

/s/ Todd N. Tedesco
Todd N. Tedesco, #15652