IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARGREATHA HEIN,
VOLGA GERMAN RESEARCH, LLC,

        Plaintiffs,

v.                                                                                              Case No. 24-1126-JWB

BRENT MAI,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Margreatha Hein's ("Hein") motion to strike or in the alternative dismiss Brent Mai's ("Mai") defamation counterclaim. (Doc. 10.) The motion is fully briefed and ripe for decision. (Docs. 10, 13, 21.) The motion is GRANTED for the reasons stated herein.

**I.  Facts**

Hein is a genealogist specializing in the history of Germans who settled near the Volga River in Russia. She allegedly publishes her research on Volga German Research, LLC's ("VGR") multiple media outlets: VGR's website, VGR's official Facebook page, and the blog on VGR's website. (Doc. 1 at p. 2.) Hein asserts that she and VGR have owned the VGR website since Concordia University in Portland assigned it to them in 2020. (*Id.*) She claims to have published original writing and photographs on the VGR website and Facebook page, and that these original materials are licensed to VGR. (*Id.*) She also asserts that some of the material is registered under her name with the United States Copyright Office. (*Id.*)

1

Mai is the Dean of University Libraries at Wichita State University. (Doc. 6 at p. 7.) He received his Doctor of Education from Vanderbilt University and his Master of Library and Information Science from the University of Texas at Austin. (*Id.* at 7.) He previously served as the University Libraries Dean of Concordia University in Portland from 2003–2016, Dean of Libraries at Fairfield University from 2016–2019, and Dean at the Thomas G. Carpenter library at the University of North Florida from 2019–2023. (*Id.*) At each institution, Mai has been involved in the creation and maintenance of websites about Volga Germans. (Doc. 1 ¶ 16; Doc. 6 at 2.) He also currently operates a website on Volga Germans. (Doc. 1 ¶ 19; Doc. 6 at 2.) Moreover, he claims that while at Concordia University Portland, he helped establish the Center for Volga German Studies and its accompanying website for collaborative research. (Doc. 6 at p. 7.)

Hein claims that Mai published her (and other's) proprietary research on his University of North Florida website ("UNF website") without proper attribution. (Doc. 1 ¶ 20.) Hein purports to have written Mai in January 2020, complaining of his alleged copyright infringement and failure to properly attribute her material on his UNF website back to her. (*Id.* ¶ 21.) Hein claims that Mai ignored her communications. (*Id.* ¶ 23.) Hein also claims that Mai subsequently published her photos and text from her research without permission and attribution on his Wichita State University website. (*See id.* ¶¶ 33, 57.) Hein then wrote to authorities at the University of North Florida and Wichita State University to complain of Mai's alleged copyright infringement and plagiarism. (*Id.* ¶ 24.) In response, Mai's attorney sent a letter to Hein denying that Mai committed any copyright violations and informed her that she was causing reputational harm. (*Id.* ¶ 27; Doc. 6 at 2.) Hein asserts that Mai continues to "copy verbatim, paraphrase, and/or plagiarize" her published research without attribution and is falsely claiming that she is a contributor to his website. (Doc. 1 ¶¶ 29, 83.)

Hein and VGR filed the present lawsuit against Mai. They have four claims for relief: (1) federal copyright infringement of photographs, (*id.* at p. 5), federal copyright infringement of literary works, (*id.* at p. 9), false endorsement under 15 U.S.C. § 1125(a), (*id.* at p. 13), and a common law claim for unfair competition. (*Id.* at p. 15.) Mai filed an answer to Hein and VGR's complaint. (Doc. 6.) In Mai's answer, he included a counterclaim for defamation. He asserts that Hein defamed him when she sent the letters accusing him of plagiarism and copyright infringement to the University of North Florida and Wichita State University. (*See* Doc. 6 at 8–9.) He claims that his reputation has been harmed by Hein's letters, evidenced by the universities' actions against him. (*Id.* at 10.) In response, Hein filed a motion to strike Mai's defamation claim under the Kansas Public Speech Protection Act, K.S.A. § 60-5320, ("KPSPA"), or alternatively, to dismiss it under Fed. R. Civ. P. 12(b)(6) for failing to state a claim. (Doc. 10.)

## II. Standard

In order to withstand a motion to dismiss under Rule 12(b)(6), the counterclaim must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to the counterclaim plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## III. Analysis

After reviewing the briefings, the court has determined it is unnecessary to consider Hein's motion to strike the defamation claim under the KPSPA because Mai insufficiently pleaded

3

defamation in his counterclaim. Thus, the court disposes of Mai's counterclaim in accordance with Hein's alternative grounds for relief under Fed. R. Civ. P. 12(b)(6).[1]

A.  **Rule 12(b)(6)**

Hien argues that Mai's defamation counterclaim should be dismissed for failing to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The elements of the tort of defamation in Kansas are the following: (1) false and defamatory words, (2) communicated to a third person, (3) that result in reputational harm to the person being defamed. *Luttrell v. United Tel. Sys., Inc.*, 9 Kan. App. 2d 620, 620, 683 P.2d 1292, 1293 (1984), *aff'd*, 236 Kan. 710, 695 P.2d 1279 (1985). Additionally, under Kansas law, a plaintiff must allege special damages unless the claim is defamation *per se*. *Heckman v. Zurich Holding Co. of Am.*, No. CIV.A. 06-2435-KHV, 2007 WL 677607, at *7 (D. Kan. Feb. 28, 2007) (citing *Gomez v. Hug*, 7 Kan. App. 2d 603, 612, 645 P.2d 916, 923 (1982)). Thus, pursuant to Fed. R. Civ. P. 8(a), a non *per se* defamation complaint must "provide sufficient notice of the communications complained of to allow defendants to defend themselves," *see id.* at *5, and satisfy the special damages pleading requirement in Fed. R. Civ. P. 9(g). *See id.* *7. Rule 9(g) requires a party to plead beyond "generic allegations of reputational injury," *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1266, 1271 (D. Kan. 2012); instead, the defamation claimant must provide concrete examples that illustrate reputational harm. *See Woodmont Corp. v. Rockwood Ctr. P'ship*, 811 F. Supp. 1478, 1484 (D. Kan. 1993) (discussing how the plaintiff failed to plead special damages because it did not identify

---

[1] Under the KPSPA, the defending party on a motion to strike a defamation claim can seek attorney's fees and costs associated with the defense against the motion. K.S.A. § 60-5320(g). In order to recover attorney's fees and costs, (1) the defending party must prevail against the strike motion, and (2) the court must conclude that the motion to strike was "frivolous or solely intended to cause delay." *Id.* In anticipation that he will be the prevailing party, Mai seeks attorney's fees and costs from Hein on the basis that her motion to strike is frivolous. (Doc. 13 at p. 14.) However, because the court dismisses Mai's defamation counterclaim under Rule 12(b)(6), his request for attorney's fees is denied.

the lost business from specific customers and the resulting pecuniary impact/estimate from those losses).

Hein argues that Mai's counterclaim does not satisfy the heightened pleading requirements under Rule 9(g). In response, relying on *API Americas Inc. v. Miller*, No. 17-2617, 2018 WL 306728, at *2 (D. Kan. Jan. 5, 2018), Mai argues that he does not need to plead special damages under Rule 9(g); rather, he only needs to satisfy the pleading requirements under Rule 8(a) and set forth "the allegedly defamatory words, the communicator of those words, the persons to whom those words were published and the time and place of publication." *See id.* (quoting *Heckman*, 2007 WL 677607, at *5). However, Mai erroneously relied on *API Americas* because that case misstates the elements of defamation. *API Americas* relied on *Heckman* for the conclusion that Rule 8(a) governs the pleading of a defamation claim. While *Heckman* observed that Rule 8(a) generally applies to most aspects of a defamation claim, *Heckman* expressly concluded that, because Kansas requires a plaintiff to show special damages to recover on an ordinary defamation claim, Rule 9(g) requires that those special damages be pled with specificity. *Heckman*, 2007 WL 677607, at *5, *7. *API Americas* failed to recognize this. Thus, Mai's proffered pleading standard for the tort of defamation is legally incorrect in that it fails to include special damages.

Nonetheless, despite Mai's misstatement or misunderstanding of the law, his counterclaim could have overcome Hein's 12(b)(6) motion if he had pleaded with sufficient particularity the alleged reputational harm. He did not do so.

Mai's only assertion of reputational harm in his *counterclaim* is a generic allegation that his reputation has been harmed by Hein's letters evidenced by the actions of the University of North Florida and Wichita State University. He provides no details about the universities' actions; for example, when they occurred, what occurred, whether he suffered a pecuniary loss because of

them, etc. Mai's counterclaim merely contains a bald assertion of reputational harm that is insufficient to satisfy the special damages pleading requirement under Rule 9(g).

Nor is it sufficient that within Mai's answer to Hein's complaint, the pleading that contains the defamation counterclaim, he identifies the universities' actions against him. According to Fed. R. Civ. P. 13(a)(1), a counterclaim must be included in a pleading. Typically, it is within an answer. And although a counterclaim and answer may be included in the same document, each serves different functions and are distinct from one another. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 776 (10th Cir. 2021); *see Dunkin' Donuts, Inc. v. Romanias*, No. CIV.A.00-1886, 2002 WL 32955492, at *2 (W.D. Pa. May 29, 2002) (identifying a party's counterclaim as independent from its answer). This distinction is illustrated when parties use different paragraph numbering in the answer and the complaint, *see Hughes v. Abell*, 867 F. Supp. 2d 76, 91 (D.D.C. 2012), and by the rule that a party may continue to pursue a counterclaim even when it's not repleaded in an amended answer. *See Sinclair Wyo. Ref. Co.*, 989 F.3d at 778. The court notes that facts from Mai's answer could have been incorporated into the counterclaim. *See BC Inv. Co. v. Fleischer*, No. CIV. A. 90-2101-V, 1990 WL 126943, at *1 (D. Kan. Aug. 27, 1990) (discussing how Fed. R. Civ. P. 10(c) permits statements from a pleading to be incorporated into the same or different pleading or any motion); *see Fisherman Surgical Instruments, LLC v. Tri-Anim Health Servs., Inc.*, No. CIV.A. 06-2082KHV, 2007 WL 852666, at *3 (D. Kan. Mar. 21, 2007) (holding that factual allegations asserted in one part of a pleading need to be specifically incorporated into a different section for them to be considered therein). Mai incorporated sections of his answer into subsequent sections of the answer. However, there is no language indicating that he incorporated facts or sections from his answer into his counterclaim. Thus, because (1) counterclaims and answers are legally distinct and independent, and (2) Mai did not incorporate

the necessary facts from his answer into his counterclaim, the court refuses to sua sponte consider or include facts that are outside the face of the counterclaim when determining if he plausibly stated a claim for defamation.

Therefore, because the court has already determined that Mai failed to sufficiently plead special damages required under Rule 9(g), Hein's 12(b)(6) motion is granted.

## IV. Conclusion

THEREFORE, Hein's motion to dismiss Mai's defamation counterclaim is GRANTED, and his counterclaim is DISMISSED WITHOUT PREJUDICE. If Mai chooses to do so, he must submit an amended answer that contains a properly pleaded defamation counterclaim within 21 days of this order's filing date. Mai's request for attorneys' fees and costs related to the defense of Hein's motion to strike the defamation claim is DENIED because (1) he is not the prevailing party, and (2) the court did not address Hein's motion to strike pursuant to the KPSPA.

IT IS SO ORDERED. Dated this 30th day of April, 2025.

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE